Kristin A. VanOrman (7333)
**STRONG AND HANNI**
102 South 200 East, Suite 800
Salt Lake City, Utah 84111
Telephone: (801) 532-7080
Facsimile: (801) 596-1508
kvanorman@strongandhanni.com

Michael R. Phillips
Chen G. Ni
McGUIREWOODS LLP
77 West Wacker Drive
Suite 4100
Chicago, Illinois 60601-1818
Tel: (312) 849-8100
Fax: (312) 849-3690
mphillips@mcguirewoods.com
cni@mcguirewoods.com

*Attorney for Defendant*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| SCHNEIDER FINANCE INC., | |
| Plaintiff, | COMPLAINT |
| v. | Civil No. _____ |
| STILLWATER TRUCKING LLC and DAN WELCH, | Judge _____ |
| Defendants. | |

Plaintiff, SCHNEIDER FINANCE, INC. ("SFI"), by and through its attorneys, McGuireWoods LLP, for its Complaint against Defendants, STILLWATER TRUCKING LLC ("Stillwater") and DAN WELCH ("Welch") (collectively, "Defendants"), states as follows:

1

104350338_4

## PARTIES

1. SFI is a Wisconsin corporation with its principal place of business located at 911 Glory Road, Green Bay, Wisconsin.

2. Stillwater is an expired Utah limited liability company with its principal place of business located at 10301 North Sandalwood Drive, Cedar Hills, Utah 84062.

3. Upon information and belief, Welch is the sole member of Stillwater and is a citizen of the State of Utah.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a), insofar as SFI is a citizen of Wisconsin, Stillwater is a citizen of Utah, Welch is a citizen of Utah upon information and belief, and the amount in controversy exceeds $75,000.

5. This Court has personal jurisdiction over Stillwater because it is a citizen of Utah and transacts business in Utah. This Court has personal jurisdiction over Welch because, upon information and belief, he is a resident of Utah and transacts business in Utah.

6. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(1) because Stillwater resides in this District and, upon information and belief, Welch is a citizen of Utah. Venue is also pursuant to 28 U.S.C. § 1391(b)(b) because, upon information and belief, the disputed property is situated in this District.

## FACTS COMMON TO ALL COUNTS

7. SFI is in the business of leasing and financing transportation equipment for use in hauling freight cargo across the country.

8. On or about July 17, 2017, SFI and Stillwater entered into a Motor Vehicle Lease

with TRAC Option, No. 500008155-001 (the "Lease") for Stillwater to lease a 2015 Kenworth T680 Truck, VIN number 1XKYDP9X2FJ422830 and accompanying HVAC system (the "Equipment").  A true and correct copy of the Lease is attached hereto as **Exhibit A**.

9. To induce SFI to enter into the Lease with Stillwater, Welch executed an Unlimited Guaranty (the "Guaranty") in which he individually, unconditionally, and irrevocably guaranteed all of Stillwater's obligations under the Lease.  A true and correct copy of that Guaranty is attached hereto as **Exhibit B**.

10. In conjunction with the Lease, Stillwater executed a Consent Resolution in which it certified that the Equipment was delivered in good order and condition and was acceptable to Stillwater.  A true and correct copy of the Consent Resolution is attached hereto and incorporated as **Exhibit C**.

11. Pursuant to the Lease, Stillwater agreed to make thirty-six (36) consecutive, monthly payments in the amount of $1,768.82 each for a total lease payment of $63,677.52 commencing in August 2017.

12. Stillwater only made four (4) of the first eleven (11) payments due under the Lease plus one partial payment of $1,000.00, but has failed to make the remaining payments due under the Lease.  A report of Stillwater's payment history is attached hereto as **Exhibit D**.

13. Paragraph 19 of the Lease provides:

> Any of the following events or conditions will constitute an Event of Default hereunder: (A) If Lessee fails to pay any rent payment or other amount or charge on the due date, or fails to observe any other term or condition of this Lease, without notice or demand by Leasor;
> …

3

14. Paragraph 20 of the Lease further provides that in the event of default, SFI is entitled to the accelerated balance of all lease payments and other amounts due, including future payments less only unearned leasing charges, possession of the Equipment, reasonable attorneys' fees and fees of collection agencies, plus a 5% late charge on all unpaid amounts pursuant to Paragraph 2 of the Lease. *See* **Exhibit A**.

15. SFI has demanded payment from Defendants under the Lease and Guaranty but Defendants have failed and refused to make payments when due.

16. SFI has fully performed each of its obligations under the Lease.

17. In addition to defaulting in their payment obligations under the Lease and Guaranty, Defendants have removed the Equipment to an unknown location and have refused to divulge its location to SFI. SFI has unable to locate the Equipment despite diligent efforts to recover it.

18. Upon information and belief, Defendants are continuing to use the Equipment for commercial purposes, specifically hauling freight for carriers in interstate commerce. Such use is without SFI's permission or consent.

19. Stillwater and Welch are in wrongful possession of the Equipment and have failed to return it to its lawful owner, SFI.

20. The fair market value of the equipment, inclusive of late fees and adjustments, is $57,339.42.

21. The remaining balance of lease payments that Stillwater owes under the Lease is $55,602.24, plus a 5% late charge.

22. After all just deductions and credits, SFI has been damaged in the amount of $115,721.77, plus attorneys' fees and costs and collection agency costs.

## COUNT I
## BREACH OF LEASE
## AGAINST STILLWATER TRUCKING LLC

23. SFI reasserts and realleges Paragraphs 1 through 22 of its Complaint as though fully set forth herein.

24. The Lease constitutes a valid and enforceable contract.

25. Stillwater has defaulted on its obligations to SFI under the Lease by, among other things, failing to make payments to SFI when and as due, despite demand therefor.

26. SFI has fully performed its obligations under the Lease.

27. As a result of Stillwater's default under the Lease, SFI has been damaged in the amount of $115,721.77, plus attorneys' fees and costs and collection agency costs.

WHEREFORE, Plaintiff, SCHNEIDER FINANCE, INC., respectfully requests that this Court enter judgment in its favor and against STILLWATER TRUCKING, LLC, in the amount of $115,721.77, plus attorneys' fees and costs and collection agency costs, as well as all other relief this Court deems just.

## COUNT II
## CONVERSION
## AGAINST STILLWATER TRUCKING LLC

28. SFI reasserts and realleges Paragraphs 1 through 22 of its Complaint as though fully set forth herein.

29. SFI is the rightful owner of the Equipment.

30. Stillwater is wrongfully in possession of the Equipment, insofar as Stillwater has defaulted under the Lease by failing to make timely payments when due, and it has no right or lawful justification to maintain possession or control of then Equipment.

31. Stillwater has failed to return the Equipment to SFI upon demand, has further concealed the location of the Equipment from SFI in an effort to willfully interfere with SFI's efforts to lawfully recover the Equipment without judicial intervention, thus depriving SFI of its right to use and possess the Equipment.

32. Upon information and belief, the Equipment is in Stillwater's possession or control, though the location of the Equipment is currently unknown.

WHEREFORE, Plaintiff, SCHNEIDER FINANCE, INC., respectfully requests that this Court enter an Order compelling STILLWATER TRUCKING LLC to surrender the Equipment to SFI at a place and time directed by SFI within fourteen (14) days, enter judgment in its favor and against STILLWATER TRUCKING, LLC, in the amount of $57.339.42, and such other and further relief as the Court deems just.

### COUNT III
### BREACH OF PERSONAL GUARANTY
### AGAINST DAN WELCH

33. SFI reasserts and realleges Paragraphs 1 through 22 of its Complaint as though fully set forth herein.

34. As set forth herein, Stillwater has defaulted in its obligations under the Lease.

35. Welch has defaulted on his obligations to SFI under the Guaranty by, among other things, failing to make payment to SFI when and as due, despite demand therefor.

36. As a result of Welch's default under the Guaranty, SFI has been damaged in the amount of $115,721.77, plus attorneys' fees, costs, and collection agency costs.

WHEREFORE, Plaintiff, SCHNEIDER FINANCE, INC., respectfully requests that this Court enter judgment in its favor and against DAN WELCH, in the amount of $115,721.77, plus attorneys' fees and costs and collection agency costs, as well as all other relief this Court deems just.

Dated this 30th day of July, 2018.

    /s/ Kristin A. VanOrman
Kristin A. VanOrman
**Strong & Hanni**
102 South 200 East, Suite 800
Salt Lake City, UT  84111

Michael R. Phillips
Chen G. Ni
McGUIREWOODS LLP
77 West Wacker Drive
Suite 4100
Chicago, Illinois 60601-1818

*Attorneys for Plaintiff Schneider Finance, Inc*