# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| SCHNEIDER FINANCE,<br><br>                    Plaintiff,<br>v.<br><br>STILLWATER TRUCKING, and DAN WELCH,<br><br>                    Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT**<br><br>Case No. No. 2:18-CV-609<br><br>District Judge Jill N. Parrish |

This matter comes before the court on a motion for entry of default judgment filed by plaintiff Schneider Finance, Inc. on January 29, 2019. (ECF No. 29). For the reasons below, that motion will be granted in part and denied in part.

## I. BACKGROUND

Schneider leased a commercial freight truck and accompanying HVAC system to defendant Stillwater Trucking pursuant to a lease agreement executed on July 17, 2017. Defendant Dan Welch executed a document by which he individually guaranteed Stillwater's obligations under the lease agreement. Stillwater made several required payments before defaulting.

Schneider's complaint followed on July 30, 2018. (ECF No. 2). Neither Mr. Welch nor Stillwater Trucking has responded, and on October 29, 2018, the Clerk entered a default certificate against both defendants. (ECF No. 17).

## II.     JURISDICTION

Default Judgment is appropriate when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55 (a). However, "when entry of a default judgment is sought against a party who has failed to plead or otherwise defend, the district court has an affirmative duty to look into its jurisdiction both over the subject matter and the parties." *Williams v. Life Sav. & Loan*, 802 F.2d 1200, 1202–03 (10th Cir. 1986).

The court finds that Schneider has shown that this court may exercise personal jurisdiction over defendants as follows. As to defendant Dan Welch, Schneider has submitted proof that it effected personal service on Dan Welch within the state of Utah. *See Burnham v. Super. Ct.*, 495 U.S. 604, 619 (1990) ("The short of the matter is that [personal] jurisdiction based on physical presence alone constitutes due process because it is one of the continuing traditions of our legal system that define the due process standard of 'traditional notions of fair play and substantial justice.'"). As to defendant Stillwater Trucking, Schneider submits that Stillwater is an LLC organized under the laws of Utah.

The court also finds that Schneider has established subject matter jurisdiction under 28 U.S.C. § 1332 insofar as plaintiff Schneider—a corporation organized under the laws of, and with its principal place of business in, the state of Wisconsin—is diverse from defendant Dan Welch—a citizen of Utah—and defendant Stillwater Trucking—a Utah LLC whose sole member is Utah citizen Dan Welch. Schneider's complaint averred that the amount in controversy exceeded $75,000, a good-faith estimate that has been borne out by the default judgment amounts sought.

## III.     RELIEF REQUESTED

The court has carefully reviewed the contract and guaranty on which this lawsuit is predicated and finds that Schneider is entitled to the relief requested in the amounts requested with two exceptions. Schneider seeks prejudgment and post-judgment interest under Utah law, but as explained below, the contract's choice-of-law provision requires this court to apply Wisconsin's prejudgment interest law,[1] and post-judgment interest on federal judgments is governed by federal law.

A federal court sitting in diversity applies the substantive law of the state in which it sits, including the state's choice of law rules. *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941). Thus, this court applies Utah choice of law rules to any conflict of law issues arising in a diversity action such as this one. In contract disputes, Utah courts apply "the law chosen by the parties if they have made an effective choice." *See Am. Nat'l Fire Ins. Co. v. Farmers Ins. Exch.*, 927 P.2d 186, 188 (Utah 1996) (quoting Restatement (Second) of Conflict of Laws § 205 cmt. b). Here, by all appearances, the parties made an effective choice that Wisconsin law govern their contract.

Wisconsin follows "the common-law rule that a party can recover pre[judgment] interest only on damages that are either liquidated or determinable by a 'reasonably certain standard of measurement.'" *Beacon Bowl, Inc. v. Wis. Elec. Power Co.*, 501 N.W.2d 788, 802 (Wis. 1993). And "when work is performed under a contract and the fee for services is not disputed, prejudgment interest is allowed." *Paige v. Waukesha Health Sys., Inc.*, No. 12-C-0601, 2013 WL

---

[1] The agreement also contains a venue provision by which the parties agreed to bring any suit emanating from the contract "exclusively in state or federal courts located in Brown County, Wisconsin." (ECF No. 29-5 at 14, ¶ 31). This forum selection provision poses no obstacle to this court's entry of default judgment because "if a party is in default by failing to appear or to file a responsive pleading, defects in venue are waived[.]" *See Williams v. Life Sav. & Loan*, 802 F.2d 1200, 1202 (10th Cir. 1986).

3560944, at *6 (E.D. Wis. July 11, 2013). Wisconsin courts apply a 5% interest rate under Wisconsin Statute § 138.04. Thus, Schneider is entitled to prejudgment interest at the 5% interest rate allowed in Wisconsin. Schneider submits that prejudgment interest began accruing on October 26, 2018. Since that date, 180 days have elapsed, and interest has been accruing on $58,491.96—the amount owing when Schneider terminated the lease—leading to a prejudgment interest award of $1,442.26.

By contrast, a choice of law provision will not overcome the presumption that the federal post-judgment interest rate applies. Rather, absent "clear, unambiguous and unequivocal [contractual] language" expressing the parties' intent that a different post-judgment interest rate apply, post-judgment interest is governed by federal law. *See Soc'y of Lloyd's v. Reinhart*, 402 F.3d 982, 1004 (10th Cir. 2005). Thus, post-judgment interest will accrue pursuant to 28 U.S.C. § 1961(a).

### IV. ORDER

For the reasons articulated, plaintiff's motion for entry of default judgment (ECF No. 29) is **GRANTED IN PART AND DENIED IN PART.** Specifically:

1. Plaintiff is not entitled to the 10% prejudgment interest provided by Utah law, but is instead entitled to prejudgment interest at the rate of 5% under Wisconsin law.
2. Post-judgment interest will accrue at the rate dictated by 28 U.S.C. §1961(a).
3. Plaintiff is entitled to a default judgment in the amount of $135,025.91, which amount consists of:
    a. $18,457.02 for 10.5 months of overdue monthly lease payments.
    b. $37,145.22 for the 21 remaining lease payments that became due by virtue of the lease's acceleration clause.
    c. $1,442.26 for prejudgment interest.

d. $1,149.72 in late payment charges on the overdue monthly lease payments.

e. $1,500 for the repossession fee.

f. $240 for returned payments.

g. $16,348.90 for attorney's fees and costs.

h. $58,742.79 for the value of the leased equipment that has not been returned as required, **which amount will be deemed satisfied if defendants return the vehicle and accompanying HVAC equipment to Schneider Finance within 45 days of the date of this order.**

Signed April 23, 2019

                                            BY THE COURT

                                            _____

                                            Jill N. Parrish
                                            United States District Court Judge